IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS DUANE BLANCHARD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-13-0228 |
| | § | |
| STUART JENKINS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Thomas Duane Blanchard, a state inmate proceeding *pro se*, filed this section 1983 lawsuit alleging procedural irregularities in his pre-revocation warrant and proceedings.

The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that plaintiff has raised no claim for which relief can be granted under section 1983, the Court **DISMISSES** this lawsuit, as follows.

### I. BACKGROUND AND CLAIMS

Plaintiff asserts that he was detained three times, and released two times, on the same published and republished pre-revocation "blue warrant." He further claims that the warrant was issued based on lies and falsehoods. He asks the Court to "prosecute the defendants for official oppression [under the Texas Penal Code]," levy a "fine" against them, and order them to pay him $500.00 per day "for time held on invalid warrant."

The Court is without jurisdiction to unilaterally commence a criminal prosecution against the defendants, particularly a prosecution under state criminal law. Nor does the

Court have any authority to levy a fine against the defendants. Accordingly, plaintiff can proceed only, if at all, on his claim for compensatory damages arising from his detention under the allegedly invalid pre-revocation warrant and revocation proceedings.

## II. ANALYSIS

Plaintiff's factual allegations differ in several respects from events shown in public court records and from the documents attached to his complaint. In such instances, the Court will rely on what appears in public court records and on the documents themselves, except as to comments and arguments plaintiff himself has written on the documents.

The documents show that plaintiff was released to mandatory supervision in Brazos County, Texas, on September 23, 2009. According to public online court records for the Brazos County District Clerk, criminal misdemeanor charges were brought against plaintiff in January 2010, for which he was arrested and released on pretrial bond. A pre-revocation warrant for his detention was issued on December 8, 2011, identified as warrant #12082011-03618645. Plaintiff alleges that he was arrested on December 13, 2011, in Smith County, Texas, and transferred to the Brazos County Jail, where he was detained and released on bond on January 22, 2012.

Brazos County District Clerk public records show that a second misdemeanor criminal charge was brought against plaintiff on January 30, 2012, in Brazos County, Texas, and he again was arrested and released on pre-trial bond. On March 28, 2012, a third misdemeanor criminal charge was lodged against plaintiff in Brazos County. Plaintiff subsequently

2

pleaded guilty and was convicted of all three criminal misdemeanor charges on January 30, 2013. Brazos County District Clerk records show that plaintiff was arrested on June 21, 2012, on felony charges for possession of a controlled substance. He was subsequently convicted of the charge on February 4, 2013, and sentenced to eight years incarceration.

The documents submitted by plaintiff show that the pre-revocation warrant was republished on September 12, 2012, charging plaintiff with eight parole violations for (a) his failures to reside within the required county or to report to his parole officer; (b) the arrest for felony possession of a controlled substance; (c) driving with an invalid license in November of 2011; (d) possession of drug paraphernalia; (e) operating a motor vehicle with the wrong licence plate; (f) failure to reside in a specified place; (g) failure to reside in an approved place; and (h) failure to present a Texas driver's license upon request by a law enforcement officer. The hearing/waiver results document shows that the "blue warrant" was executed on September 12, 2012. At the preliminary revocation hearing held at the Brazos County Jail on October 11, 2012, the hearing officer found "sustained" as to five of the eight reported violations, and recommended that the case "proceed to revocation final disposition of hearing." The hearing officer made no findings as to the pending criminal charges.

Plaintiff challenges the validity of his pre-revocation warrant and proceedings on two grounds: first, that the pre-revocation warrant was twice republished, and second, that it was based on lies and falsehoods. The Court notes that plaintiff fails to cite authority, and this Court finds none, holding that republication of a pre-revocation "blue warrant" invalidates

3

the warrant or ensuing proceedings. The Court further notes that the majority of the alleged parole violations were sustained at the preliminary hearing, allowing plaintiff's continued detention under state law pending a final revocation hearing.

Regardless, plaintiff's claims for monetary damages based on his assertions regarding the pre-revocation warrant and revocation proceedings must be dismissed at this juncture, as they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff fails to allege and show that the pre-revocation warrant and/or attendant revocation proceedings have been held invalid, ordered withdrawn, or otherwise set aside, and his section 1983 claims for monetary damages are barred absent such proof. *See, e.g., Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Consequently, plaintiff fails to state a viable claim for which relief can be granted under section 1983.

To the extent plaintiff complains that he is being held on an invalid pre-revocation warrant, his claims are in the nature of habeas, not civil rights, and cannot be pursued within this lawsuit. Regardless, the issue is now moot, as plaintiff is currently incarcerated pursuant to the 2013 felony conviction and eight-year sentence for possession of a controlled substance.

### III. CONCLUSION

This case is **DISMISSED** for failure to state a claim for which relief can be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this Order to all parties and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

**SIGNED** at Houston, Texas on the 21st day of January, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE